UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MIKE HENRY ROLLINS, <br> No. 271687, <br><br> Plaintiff, <br><br> v. <br><br> JOHN FUSION,[1] *et al.*, <br><br> Defendants. | No. 3:15-cv-00806 <br> Senior Judge Haynes |

## MEMORANDUM

Plaintiff, Mike Henry Rollins, an inmate of the Montgomery County Jail in Clarksville, Tennessee, filed this *pro se* action under 42 U.S.C. § 1983 against the Defendants: Montgomery County Sheriff John Fuson in his official capacity and against Montgomery County officer Douglas Tackett in his individual capacity. Plaintiff alleges that his rights were violated by multiple strip searches and random searches of Plaintiff's jail cell. (Docket No. 1). Plaintiff seeks $100,000 in compensatory damages and a change in the law governing inmate strip searches. *Id.* at 6.

According to his complaint, Plaintiff alleges that, on four separate occasions between November 28, 2014 and May 18, 2015, three officers employed by the Montgomery County Sheriff's Department performed a "strip search" of the Plaintiff in his jail cell. Plaintiff asked the purpose for conducting such an evasive search, and the officers responded that the searches were "random." The complaint further alleges that, on five distinct occasions during the same time period, up to seven officers conducted a search of Plaintiff's jail cell. Plaintiff further alleges that he has been

---

[1] The Sheriff of Montgomery County is John S. Fuson. Within this Memorandum, the Court will refer to the Sheriff by the correct spelling of his name.

1

subjected to strip searches on six occasions upon leaving and returning from court. Plaintiff states that "it's just got out of hand." (Docket No. 1, Complaint at 5).

Plaintiff filed grievances related to these events and those grievances were denied. Plaintiff seeks compensatory damages in the amount of $100,000 and asks that the laws regarding strip searches of inmates be changed because "it's absolutely degrading." *Id.* at 5-6.

Under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e, the Court must assess whether Plaintiff's complaint fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). *Id.* § 1915A(b).

The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488

(6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). Although *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), Plaintiff must satisfy basic pleading requirements. *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). Plaintiff's claims are under 42 U.S.C. § 1983 and to state a claim under § 1983, the Plaintiff must allege plausible facts that he was deprived of a right secured by the Constitution or laws of the United States was caused by a person acting under color of state law. *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003); 42 U.S.C. § 1983.

As to Defendant Fuson, the Sheriff of Montgomery County, Tennessee, who is sued in his official capacity only, Plaintiff has not alleged any personal involvement by Sheriff Fuson. Supervisors cannot be held liable under Section 1983 for acts or inactions of employees absent allegations that the supervisor acquiesced, participated or condoned the employees' wrongful acts. *Polk County v. Dodson*, 454 U.S. 312, 325, 102 S. Ct. 445, 70 L.Ed.2d 509 (1981); *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 n.3 (6th Cir. 2005) ("[P]roof of personal involvement is required for a supervisor to incur personal liability."). Here, Plaintiff does not allege any facts about Defendant Fuson's personal involvement or awareness of these searches about which Plaintiff complains. Accordingly, Plaintiff's complaint fails to state a claim against Defendant Fuson.

As to Defendant Tackett, a Montgomery County police officer, who is sued in his individual capacity,[2] Defendant Tackett allegedly searched Plaintiff's jail cell on as many as six different occasions and performed a strip search of Plaintiff on multiple occasions either as part of the cell

---

[2] Although the Plaintiff lists other officers by name in an attachment to complaint, the Plaintiff does not name those officers as Defendants to his action. However, even if the Plaintiff had specifically named those officers as Defendants, the same analysis would apply.

3

searches or after Plaintiff's return from court.

An incarcerated prisoner's expectation of privacy is extremely limited in light of the overriding need to maintain institutional order and security, *Bell v. Wolfish*, 441 U.S. 520, 537, 558-60 (1979), but a prisoner retains a remedy for "calculated harassment unrelated to prison needs." *Hudson v. Palmer*, 468 U.S. 517, 530 (1984). The Eighth Amendment protects against bodily searches which are maliciously motivated, unrelated to institutional security, and hence "totally without penological justification." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981).

Plaintiff concedes that the searches before and after leaving court "are understandable." The four random cell searches over approximately six months are not alleged to be without justification. Plaintiff's complaint does not allege that Defendant Hackett deliberately intended to harm or punish Plaintiff with his strip searches. Plaintiff does not allege that any Defendant touched, badgered, ridiculed, threatened, or intimidated Plaintiff during the searches. For these reasons, the Court concludes that Plaintiff has failed to state an Eighth Amendment claim. In the absence of an actionable claim, the Court must dismiss the complaint *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate Order is filed herewith.

ENTERED this the 3rd day of August, 2015.

WILLIAM J. HAYNES, JR.
Senior United States District Judge